IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| EBRON JOSIAH TRIANO, | ) | Cause No. CV 11-75-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On May 16, 2011, Petitioner Ebron Triano filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Triano is a state prisoner proceeding pro se.

On May 17, 2011, Triano was ordered to show cause why his petition should not be dismissed with prejudice as time-barred and as procedurally defaulted. He responded on May 26, 2011.

**I. Background and Allegations**

Triano pled guilty to "internal" possession of dangerous drugs. On March 14,

1

2008, he was sentenced to serve five years in prison, with three years suspended. Pet. (doc. 1) at 2 ¶¶ 1-5. He did not appeal and did not file a petition for postconviction relief. Id. at 3 ¶¶ 8-12.

Triano now alleges that he pled guilty because the State agreed not to pursue a persistent felony offender designation at sentencing and promised not to prosecute his girlfriend. Pet. at 4 ¶ 15A; Pet. Supp. (doc. 1-1) at 1. He also alleges that the State violated his Fifth Amendment privilege against self-incrimination by failing to advise him of his rights. Pet. Supp. at 1-2.

## II. Procedural Obstacles

Triano's claims concern the legitimacy of his conviction. His petition is barred both by the federal statute of limitations and by the doctrine of procedural default and procedural bar.

Triano's petition for writ of habeas corpus had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). That occurred when his time to file a notice of appeal to the Montana Supreme Court expired, sixty days after the entry of judgment in the trial court, that is, on May 13, 2008. Mont. R. App. P. 4(5)(b)(i); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). His petition should have been filed on or before May 13, 2009. He filed on May 13, 2011, Pet. at 6, two years too late.

In addition, a federal habeas court generally will not hear claims unless the state's highest court has had a fair opportunity to consider them. Triano has never presented his claims to the Montana Supreme Court. He could not do so now. See Mont. Code Ann. §§ 46-16-105(2), 21-102(1)(a) (2009). Consequently, his claims are procedurally barred in federal court. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc).

Triano was given an opportunity to show cause why his petition should not be dismissed with prejudice as time-barred and as procedurally defaulted. He responded that he recently discovered he had received ineffective assistance of counsel because counsel did not "inform[] him of his rights or represent[] him in a professional manner" and "refused to represent Petitioner in trial." He also stated that all the evidence against him was provided by police officers, with no physical evidence brought forward. Resp. to Order to Show Cause (doc. 4) at 1, 2.

Triano does not point to any evidence that he is actually innocent. There is no constitutional or evidentiary flaw in the fact that his prosecution rested solely on testimony by police officers. He refers to no extraordinary circumstances that prevented him from filing timely, so there is no basis for equitable tolling of the limitations period, and he does not contest the calculation of the limitations period. Therefore, the petition is time-barred.

As to procedural default, even if Triano received ineffective assistance of counsel, it cannot serve as cause to excuse his procedural default unless it has been fairly presented to the Montana courts, Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000), and it has not. It cannot be presented now because the state statute of limitations has already expired, Mont. Code Ann. § 46-21-102(1)(a) (2009), and Triano's case does not present a "clear miscarriage of justice," Davis v. State, 187 P.3d 654, 659 ¶ 25 (Mont. 2008). And Triano merely says he "recently discovered" that he received ineffective assistance of counsel, without explaining why he did not assert that claim in a timely way. Carpenter, 529 U.S. at 453. Therefore, Triano's procedural default in state court is unexcused, and his petition is procedurally barred in federal court.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where

As to procedural default, even if Triano received ineffective assistance of counsel, it cannot serve as cause to excuse his procedural default unless it has been fairly presented to the Montana courts, Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000), and it has not. It cannot be presented now because the state statute of limitations has already expired, Mont. Code Ann. § 46-21-102(1)(a) (2009), and Triano's case does not present a "clear miscarriage of justice," Davis v. State, 187 P.3d 654, 659 ¶ 25 (Mont. 2008). And Triano merely says he "recently discovered" that he received ineffective assistance of counsel, without explaining why he did not assert that claim in a timely way. Carpenter, 529 U.S. at 453. Therefore, Triano's procedural default in state court is unexcused, and his petition is procedurally barred in federal court.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where

As to procedural default, even if Triano received ineffective assistance of counsel, it cannot serve as cause to excuse his procedural default unless it has been fairly presented to the Montana courts, Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000), and it has not. It cannot be presented now because the state statute of limitations has already expired, Mont. Code Ann. § 46-21-102(1)(a) (2009), and Triano's case does not present a "clear miscarriage of justice," Davis v. State, 187 P.3d 654, 659 ¶ 25 (Mont. 2008). And Triano merely says he "recently discovered" that he received ineffective assistance of counsel, without explaining why he did not assert that claim in a timely way. Carpenter, 529 U.S. at 453. Therefore, Triano's procedural default in state court is unexcused, and his petition is procedurally barred in federal court.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where

a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack, 529 U.S. at 484).

Triano's petition in this Court was the first occasion on which he raised the claims he now makes. He did not use either of the remedies provided by the State of Montana – direct appeal and postconviction proceedings – and it is too late for him to do so now. He has no colorable claim of innocence. It appears that he believes there is reasonable doubt about his guilt because he did not fully appreciate, at the time, that if he did not confess there might not be enough evidence to convict him. That may be true, but he points to nothing that makes his confession *unreliable*. Actual innocence means *no* reasonable juror could vote to convict, not the mere possibility that he might have been acquitted if things had been done differently before trial. Schlup v. Delo, 513 U.S. 298, 327-28, 331 (1995). Triano does not come close to that high standard. This case presents no open questions and nothing on which reasonable jurists could disagree. He does not present facts that could excuse either the untimeliness of his petition in federal court or the fact that he did not timely pursue any remedies in state court. The law underlying dismissal of his claims is well-established. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as both time-barred and procedurally defaulted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Triano may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Triano must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 27th day of May, 2011.

                                                  /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge